**In re Guy Keith HARRISON, Debtors.**

**Guy Keith Harrison, Plaintiff,**

**v.**

**Peter M. Nascarella and Kelly L. Nascarella, Defendants.**

**Peter M. Nascarella, Kelly L. Nascarella, and A & J Automotive Group, Inc. d/b/a DJ Foreign Automotive Sales, Counter Plaintiffs,**

**v.**

**Guy Keith Harrison and Mary Joan Webb, Counter Defendants.**

**Bankruptcy No. 8:05–bk–26530–ALP.**
**Adversary No. 8:05–ap–00887–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 20, 2006.

---

John D. Goldsmith, Trenam, Kemker, Scharf, et al., Tampa, FL, for Debtor.

### ORDER ON COUNTER PLAINTIFFS' AMENDED MOTION FOR SUMMARY JUDGMENT

(Doc. No. 68)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 11 case of Guy Keith Harrison (the Debtor) is an Amended Motion for Partial Summary Judgment filed by Peter M. Nascarella, Kelly L. Nascarella and A & J Automotive Group, Inc. d/b/a DJ For-eign Automotive Sales (the Counter Plaintiffs) (Doc. No. 68) on April 24, 2006, in the above-captioned Adversary Proceeding. On March 24, 2006, the Counter Plaintiffs in their Counterclaim set forth three separate claims in three separate counts. In Count I, the Counter Plaintiffs assert breach of contract and seek a final judgment for monetary damages. In Count II, the Counter Plaintiffs request declaratory relief as to the validity of an Agreement executed on March 31, 2004, between the Debtor and Counter Plaintiff, Peter Nascarella, individually and as president of A & J Automotive Group, Inc. In Count III, the Counter Plaintiffs request declaratory relief against the Debtor and Mary Joan Webb as to the validity of the Amended Partnership Agreement executed on June 25, 2003 (Doc. No. 34). The Counter Plaintiffs in their Motion assert that the Counter Plaintiffs are entitled to partial final judgment on their declaratory judgment claims and also for damages based on breach of contract, which is the Motion presently under consideration.

It is the contention of the Counter Plaintiffs' that there are no genuine issues of material fact and that they are entitled to partial summary judgment as a matter of law with respect to their claims set forth in Count I, Breach of Contract and Count II, Declaratory Judgment. The thrust of the Counter Plaintiff's argument is that the Debtor breached the March 31, 2004 Agreement, by filing his Complaint and that the Agreement is valid and enforceable and prohibits the Debtor from bringing any type of claim against the Counter Plaintiffs.

To overcome the force and effectiveness of the mutual release, the Debtor contends that there are indeed genuine issues of material fact, which would preclude the disposition of this controversy as a matter of law in favor of the Counter Plaintiffs.

Specifically, the Debtor contends that Kelly Nascarella is not a party to the March 31, 2004 Agreement and, therefore, the Debtor did not release Kelly Nascarella. The Debtor further contends that the March 31, 2004 Agreement was induced by fraud on the part of Peter Nascarella and Kelly Nascarella and the Debtor relied upon the false representation of Peter Nascarella. In addition, the Debtor contends that a material fact exists as to whether the Debtor executed the March 31, 2004 Agreement as a result of duress. Furthermore, the Debtor contends that material facts exist as to whether the Debtor was a guarantor of the A & J Automotive Group, Inc. corporate debt and whether the Debtor's liability as a guarantor was released as a result of the March 31, 2004 Agreement.

While it is true that the bare allegations or general denials within a pleading are insufficient to overcome the prima facie case of the movant when considering a motion for summary judgment, this Court is satisfied that the relevant facts surrounding this controversy are in dispute in the present instance and, therefore, it is improper to resolve the issues raised by the Counterclaim by partial summary disposition as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Counter Plaintiffs' Amended Motion for Partial Summary Judgment (Doc. No. 68) be, and the same, is hereby denied. It is further

DONE AND ORDERED